IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SAMUEL MAYFIELD**                                                                                    **PLAINTIFF**

**V.**                                                                    **CIVIL ACTION NO. 2:13-cv-73-KS-MTP**

**MARK BREWER, in his official and**
**individual capacity and CITY OF**
**LAUREL, A Municipal Corporation**                                                    **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court on the following motions: (i) Defendants' Motion to Exclude Testimony and Report of Dr. Jeffeory G. Hynes, Ed. D. ("Motion to Exclude") [101]; (ii) Defendants' Motion *in Limine* [115]; and (iii) Plaintiff's Motion *in Limine* [116]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds as follows:

### Relevant Background

The Plaintiff Samuel Mayfield asserts several claims under Title 42 U.S.C. § 1983 arising from his arrest for failure to comply with a police command and resisting arrest on February 8, 2013. Defendant Mark Brewer is a Sergeant with the City of Laurel Police Department. Sergeant Brewer is the law enforcement officer that arrested Mayfield. On October 22, 2014, the Court entered its Memorandum Opinion and Order [121] on the Defendants' Motion for Summary Judgment [98]. Mayfield's failure to train police officers and custom of excessive force claims against the City of Laurel, Mississippi (the "City") were dismissed with prejudice. Summary judgment was denied as to the following of Mayfield's claims: Fourth Amendment excessive force claim against Sergeant Brewer; Fourth Amendment unlawful arrest claim against Sergeant

Brewer; and, First Amendment retaliation claim against the City.

## **Defendants' Motion to Exclude [101]**

Mayfield has designated Dr. Jeffeory G. Hynes, Ed.D. as an expert witness in this action. Dr. Hynes' expert report sets forth several opinions, such as: Sergeant Brewer used excessive force against Mayfield; Sergeant Brewer failed to comply with the Laurel Police Department's (the "Department") Use of Force Policy; and, the City has inadequately trained its police officers regarding the use of proper force techniques, the requirements for probable cause, and proper investigation methods. (*See* Hynes Report [107-1].) Defendants appear to seek an order precluding Dr. Hynes from offering any expert testimony at trial. "Defendants request that this Court grant their request and exclude the expert testimony and report of Dr. Jeffeory G. Hynes, Ed.D. at the trial of this matter." (Defs.' Mot. to Exclude [101] at p. 4.) Nonetheless, the Court will only address the opinions of Dr. Hynes that are specifically objected to by the Defendants. There is no attack as to Dr. Hynes' underlying qualifications to provide expert testimony in this action. Further, the Court is under no obligation to conduct a line-by-line examination of the admissibility of the opinions asserted in Dr. Hynes' report in response to generic objections. *See Caldarera v. Tenn. Log & Timber Homes, Inc.*, No. 5:12CV67, 2013 WL 5937396, at *2 (S.D. Miss. Nov. 4. 2013) ("It is well-recognized that a motion to strike should point out the objectionable portions of an affidavit, and that a motion solely raising a general challenge to an affidavit is ineffective.") (citing 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2738 (3d ed.)); *Forbus v. Andrews Distrib. Co. of N. Tex., Ltd.*, No. Civ.A.3:04CV0468-B, 2005 WL 3637041, at *3 (N.D. Tex. Nov. 1, 2005) (rejecting the plaintiff's general objections that failed to specify

the sections of affidavits she believed were objectionable).

Defendants assert that Dr. Hynes' opinion regarding the reasonableness of the force used by Sergeant Brewer should be excluded as an improper legal conclusion. The Court agrees. Federal Rule of Evidence 704 provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). The Fifth Circuit has "repeatedly held that this rule does not allow an expert to render conclusions of law." *Snap-Drape, Inc. v. Comm'r*, 98 F.3d 194, 198 (5th Cir. 1996) (citations omitted). In relation to the claims pending in this case, the Fifth Circuit has held that testimony as to the reasonableness of force exercised by a law enforcement officer is a legal conclusion. *See McBroom v. Payne*, 478 Fed. Appx. 196, 200 (5th Cir. 2012) (finding no abuse of discretion in the trial court's refusal to allow the plaintiff's expert witness to testify that the defendant officer used excessive force, and citing *United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003)); *accord Peters v. City of Waveland, Miss.*, No. 1:10CV569, 2012 WL 1854311, at *2 (S.D. Miss. Feb. 20, 2010) (precluding an expert from testifying that the officer's use of force was reasonable "since that is an impermissible legal conclusion"). Therefore, Dr. Hynes' opinion that Sergeant Brewer's use of force was excessive will be excluded from the jury at trial.

Mayfield's contention that Dr. Hynes should be allowed to state whether he believes Sergeant "Brewer's actions complied with generally accepted practices and training in the law profession" is not well taken. (Pl.'s Resp. in Opp. to Mot. to Exclude [107] at ¶ 3.) In his expert report, Dr. Hynes provides that "it is the standard view within the profession that officers should only utilize a *reasonable* amount of force . . . ." (Hynes Report [107-1] at p. 8) (emphasis added). Dr. Hynes also lists several

considerations to determine the reasonableness of a particular use of force, such as whether the suspect is actively resisting arrest, which comport with the factors set forth by the Supreme Court for analyzing "whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment . . . ." *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (citation omitted). Thus, there is no substantive difference between Dr. Hynes testifying that Sergeant Brewer's use of force was excessive and that Sergeant Brewer failed to comply with generally accepted law enforcement standards. In either case, Dr. Hynes is testifying as to the reasonableness of the force employed, which is a legal conclusion. *Cf. Jadbabaei v. City of Florence, Miss.*, No. 3:13CV247, 2014 WL 4851278, at *1-2 (S.D. Miss. Sept. 29, 2014) (excluding the opinion that the officer "violated known, nationally recognized law enforcement standards when he struck and beat down the Plaintiff in this case").

Defendants also seek the exclusion of Dr. Hynes' opinion that Sergeant Brewer violated the Department's Use of Force Policy by failing to employ reasonable alternatives and by employing an excessive and unwarranted amount of force against Mayfield. A law enforcement officer's violation of department policy "is constitutionally irrelevant" for purposes of a claim brought under § 1983. *Pasco v. Knoblauch*, 566 F.3d 572, 579 (5th Cir. 2009) ("Violations of non-federal laws cannot form a basis for liability under § 1983, and qualified immunity is not lost because an officer violates department protocol.") (citations omitted); *see also McCarthy v. Waddell*, No. 3:13CV924, 2014 WL 1571678, at *3 (S.D. Miss. Apr. 17, 2014) (providing that breach of a county policy fails to establish a constitutional violation under § 1983) (citing *Harris v. Payne*, 254 Fed. Appx. 410, 416-17 (5th Cir. 2007)). As discussed above, Dr. Hynes' beliefs regarding

the appropriateness of the degree of force utilized by Sergeant Brewer are inadmissible legal conclusions.  *See, e.g.*, *McBroom*, 478 Fed. Appx. at 200; *Peters*, 2012 WL 1854311, at *2.  As a result, Dr. Hynes' expected testimony that Sergeant Brewer failed to comply with the Department's Use of Force Policy will be excluded as irrelevant.  *See Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 378 (5th Cir. 2010) (admissible expert testimony must be both relevant and reliable) (citation omitted); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) ("[A]llowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant.").

Lastly, Defendants contend that Dr. Hynes' opinions regarding the adequacy of the City's training of its police officers constitute inadmissible speculation or unsupported beliefs.  The Court need not address this argument in light of the dismissal of the Plaintiff's failure to train claim against the City.  (*See* Mem. Op. & Order [121].)  Dr. Hynes' expected testimony that the City has improperly trained its officers is irrelevant and will be excluded since Mayfield's failure to train claim is no longer before the Court.

In summation, Dr. Hynes will not be permitted to present testimony at trial regarding:  (i) the reasonableness of the force used by Sergeant Brewer during the arrest of Mayfield (including the opinion that Sergeant Brewer used excessive force); (ii) whether Sergeant Brewer's use of force complied with the Department's Use of Force Policy; and (iii) the adequacy of the City's training of its police officers.

### **Defendants' Motion *in Limine* [115]**

The Fifth Circuit has provided the following guidance for a trial court considering

a motion *in limine*:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted). Further, numerous federal courts have found "that motions *in limine* may be used to secure a pretrial ruling that certain evidence is admissible." *Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, No. 3:11CV58, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012) (citing cases). The Defendants' Motion *in Limine* [115] requests that five (5) subjects of information be excluded from the jury at trial.

### 1. Evidence of or relating to Sergeant Brewer's termination from the Department in April of 2001

Defendants argue that information contained in Sergeant Brewer's employment file relating to his termination from and reinstatement to the Department in April of 2001 is irrelevant to this litigation, and that the introduction of the evidence would prejudice the Defendants and confuse the jury. Mayfield responds that he does not intend to introduce this evidence, but he "may seek to introduce evidence of Defendant Brewer's previous uses of force, including the use of force that resulted in his temporary termination." (Pl.'s Resp. to Mot. *in Limine* [117] at p. 1.) The Court is unable to issue any ultimate evidentiary ruling on this issue since the details of Sergeant Brewer's termination and any predicate use of force are not before the Court. Nonetheless, the Court has serious questions regarding the relevancy of evidence relating to Sergeant Brewer's termination in April of 2001 since Mayfield's arrest occurred nearly twelve (12)

years later in February of 2013. Moreover, Sergeant Brewer's intent or motivations are irrelevant to Mayfield's excessive force claim,[1] and the City cannot be held vicariously liable for Sergeant Brewer's acts or omissions under § 1983. *See Monell v. Dep't of Social Servs. of the City of N.Y.*, 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Therefore, the Court will partially grant this portion of the motion. Mayfield shall not place before the jury (through arguments of counsel, exhibits, witness testimony, or otherwise) information concerning Sergeant Brewer's termination from the Department in 2001 and any underlying use of force without first securing a ruling as to the admissibility of the evidence outside the presence of the jury.

### 2. Evidence of or relating to certain incidents involving Sergeant Brewer prior to his employment with the Department

Defendants assert that certain incidents involving Sergeant Brewer prior to his employment with the Department are irrelevant to this litigation, and that the introduction of the evidence would prejudice the Defendants and confuse the jury. Mayfield does not intend to introduce evidence falling within the scope of this request in his case-in-chief, but reserves the right to introduce the evidence in rebuttal if the Court permits the Defendants to introduce evidence of his arrest and conviction for aggravated assault in 1998. As discussed below, the portion of Mayfield's Motion *in Limine* [116] regarding his conviction for aggravated assault has nothing to do with Sergeant Brewer. The

---

[1] *Cf. Montoya v. Shelden*, 898 F. Supp. 2d 1279, 1291 (D.N.M. 2012) ("The Court has on multiple occasions applied the *Graham v. Connor* 'objective reasonableness' standard and excluded evidence regarding a police officer's use of force in unrelated incidents.") (citations omitted); *Phillips v. Irvin*, No. 05-0131-WS-M, 2007 WL 2310038, at *2-3 (S.D. Ala. July 27, 2007) (excluding evidence of prior complaints against the defendant officer pursuant to similar reasoning).

Court thus finds no credible basis for Mayfield's conditional lack of opposition and grants this portion of the Defendants' motion.

### 3. Evidence of or relating to third party views and opinions of the evidence, including videos of Plaintiff's arrest

Defendants argue that any third party who is not an expert should be precluded from offering testimony regarding his or her impressions, opinions, or reactions to the videos capturing Sergeant Brewer's arrest of Mayfield. According to the Defendants, "[s]uch testimony is irrelevant, violates the province of the jury and would result in potential prejudice to the Defendants." (Defs.' Mot. *in Limine* [115] at p. 2.) The Court is unconvinced that a witness must be qualified as an expert under Rule 702 to present testimony regarding his or her opinions of video footage. Rule 701, governing opinion testimony by lay witnesses, was amended in 2000 to eliminate the risk of a party evading the reliability requirements of Rule 702 by simply characterizing an expert witness as a layperson. *See* Fed. R. Evid. 701 advisory committee's note. The amendment was not intended to affect the admission of evidence contemplated by the adoption of Rule 701, such as "the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences." *Id.* For example, the Fifth Circuit has classified a witness's testimony regarding his review of surveillance camera footage as lay opinion testimony. *See United States v. Ebron*, 683 F.3d 105, 137 (5th Cir. 2012). Moreover, the Defendants' conclusory and generic objections as to relevance and potential prejudice fail to persuade the Court that exclusion is required under Federal Rule of

Evidence 402 or 403. As a result, this portion of the motion is denied without prejudice to the Defendants' ability to assert specific objections at trial.

### 4. Evidence of or relating to any incidents involving the Department not produced by Plaintiff during discovery

In their briefing on summary judgment, Defendants argued that an allegation of excessive force asserted by Terry Harper in relation to his arrest in July of 2014 should not be considered in relation to the Plaintiff's custom of excessive force claim against the City because evidence concerning Harper's arrest was not produced prior to the discovery deadline. The Court found the incident involving Terry Harper to be irrelevant to this claim of municipal liability since Harper's arrest post-dated Mayfield's arrest and "could not have informed . . . [the City] with respect to the instant claim." (Mem. Op. & Order [121] at p. 21) (quoting *Cano v. Bexar County, Tex.*, 280 Fed. Appx. 404, 406 (5th Cir. 2008)). In the instant motion, Defendants presumably refer to Terry Harper's arrest in seeking the exclusion of evidence of "an alleged incident of force" disclosed after "the discovery deadline in this matter". (Defs.' Mot. *in Limine* [115] at p. 2.)

Evidence regarding Terry Harper's arrest will be excluded from the jury for the same reasons stated in the Court's ruling on summary judgment and because Mayfield's custom of excessive force claim has been dismissed with prejudice. (*See* Mem. Op. & Order [121] at p. 31.) Plaintiff and his counsel are prohibited from presenting arguments, statements, or evidence in front of the jury at trial regarding the July of 2014 incident involving Terry Harper. Furthermore, counsel for the Plaintiff shall not mention nor attempt to place before the jury, through witnesses or otherwise, information about any other incidents involving City police officers and claims of

excessive force without first securing a ruling as to the admissibility of the evidence.

### 5. Testimony of Dr. Hynes

Defendants argue that Dr. Hynes should be precluded from offering any testimony at trial based on the arguments and authorities presented in their Motion to Exclude [101]. The Court incorporates by reference its ruling on the Motion to Exclude [101] as its ruling on this portion of the Motion *in Limine* [115].

## Plaintiff's Motion *in Limine* [116]

Plaintiff seeks the exclusion of two (2) subjects of information from the jury's consideration.

### 1. Plaintiff's July of 1998 arrest and conviction for aggravated assault

Mayfield was incarcerated for five (5) years as a result of his arrest and conviction for aggravated assault involving the shooting of another individual. Mayfield completed all of the terms and conditions of his sentence and has not had any felony convictions since 1998. Mayfield contends that this arrest and conviction are wholly irrelevant to his present claims and any of the Defendants' defenses on those claims. In addition, Mayfield argues that evidence of this crime should be excluded pursuant to Federal Rules of Evidence 404(b)[2] and 609(b).[3]

---

[2] "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).

[3] Rule 609 states in pertinent part that when more than ten (10) years have passed since a conviction, evidence of the conviction is admissible if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect". Fed. R. Evid 609(b)(1). Notably, this Rule is the converse of Federal Rule of Evidence 403, which provides for the exclusion of "relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:

Defendants primarily argue that this arrest and conviction weigh upon Mayfield's claim for damages for mental anguish and emotional distress. More specifically, Defendants contend that Mayfield's failure to advise his treating psychiatrist, Dr. James C. Lamousin, of the crime is relevant to Dr. Lamousin's diagnosis, as well as Mayfield and Dr. Lamousin's credibility. Dr. Lamousin testified to the following matters relating to this issue at his deposition: Mayfield was diagnosed with post-traumatic stress disorder ("PTSD") based on the subjective information he provided to Dr. Lamousin; it is important and crucial to any diagnosis that a patient provide truthful and complete information; Mayfield never advised Dr. Lamousin of his prior arrest and conviction for aggravated assault; and, the crime "instantly has a bearing. I just can't say if it's good, bad or indifferent." (Lamousin Dep. [119-1] 68:11-21, 72:11-73:20, 75:6-18, 78:1-8.)

In considering the parties' competing views on this matter, the Court finds that Rule 404(b)(1) does not preclude the admission of Mayfield's arrest and conviction for aggravated assault. This portion of the Rule is inapplicable because the Defendants are not arguing that Mayfield's commission of an aggravated assault is indicative of his character and that he acted in accordance with that character during his interactions with Sergeant Brewer on February 8, 2013. *See Ebron*, 683 F.3d at 131-32 ("[T]he general rule of exclusion in Rule 404(b) only excludes evidence of other crimes when offered to prove the conduct of a person by resort to an inference as to his character.") (citation omitted). The Court also finds that Rule 609(b) fails to govern the admissibility *vel non* of the subject crime. "Rule 609 was crafted to apply in those cases where the

---

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

conviction is offered only on the theory that people who do certain bad things are not to be trusted to tell the truth." *United States v. Johnson*, 542 F.2d 230, 234-35 (5th Cir. 1976); *see also United States v. Carter*, 953 F.2d 1449, 1458 (5th Cir. 1992) (providing that Rule 609 contemplates an attack on the general credibility of a witness).  The Defendants do not seem to be claiming that the existence of Mayfield's criminal conviction evidences a general propensity for dishonesty.  Instead, Defendants focus on Mayfield's conviction and his failure to inform Dr. Lamousin of the conviction as grounds for undermining or negating Mayfield's request for damages for emotional distress.  Federal Rule of Evidence 403 controls the admission of the evidence in this context. *See United States v. Lopez*, 979 F.2d 1024, 1033-34 (5th Cir. 1992) (Rule 403, as opposed to Rule 609, governs the admission of evidence intended to contradict the testimony of a witness on a material issue); *see also Carter*, 953 F.2d at 1458.

      The Court is unable to issue a definitive Rule 403 ruling at the present time.  Mayfield's arrest and conviction for aggravated assault in 1998 are clearly irrelevant to the determination of the Defendants' liability on Mayfield's claims arising from his arrest in 2013.  Furthermore, there is a significant likelihood of unfair prejudice and confusion of the issues arising from the jury hearing evidence of this crime.  The danger is that the jury will hold Mayfield's prior commission of a violent crime against him or consider the crime in making factual determinations pertinent to Mayfield's excessive force and unlawful arrest claims.  In either event, a jury verdict based on emotion or stereotype, as opposed to the facts concerning Mayfield and Sergeant Brewer's interactions on February 8, 2013, could result.  *See* Fed. R. Evid. 403 advisory committee's note ("'Unfair prejudice' within its context means an undue tendency to suggest decision on

an improper basis, commonly, though not necessarily, an emotional one.").

On the other hand, Mayfield's conviction for aggravated assault and his apparent failure to advise his treating psychiatrist of the conviction may bear directly on his claim of emotional distress. Dr. Lamousin stated, "Absolutely", upon being asked whether it was important and crucial to any diagnosis that a patient provide true and complete information. (Lamousin Dep. [119-1] 68:17-21.) Dr. Lamousin further provided that the subject crime "instantly has a bearing" on Mayfield's PTSD diagnosis. (Lamousin Dep. [119-1] 75:6-18.) That bearing, however, was not evident at the time of Dr. Lamousin's deposition: "I just can't say if it's good, bad or indifferent. I mean, I'd have to sit down with him, talk about what his experience is, how he moved through the world with this." (Lamousin Dep. [119-1] 75:18-22.) In light of these circumstances, a jury could certainly question the validity or strength of Mayfield's allegation of mental distress if it is based solely on Dr. Lamousin's PTSD diagnosis. However, a medical diagnosis is not a per se requirement for the recovery of emotional distress damages. "Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but the plaintiff must support her claims with competent evidence regarding the 'nature, extent, and duration' of the harm." *Vaughn v. Sabine County*, 104 Fed. Appx. 980, 987 (5th Cir. 2004) (citing *Hitt v. Connell*, 301 F.3d 240, 250 (5th Cir. 2002); *Brady v. Fort Bend County*, 145 F.3d 691, 720 (5th Cir. 1998)).[4]

---

[4] Common law tort principles typically govern the award of compensatory damages in a § 1983 action. *See Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994) (citation omitted). The "eggshell skull" rule, under which the defendant must take the plaintiff as he finds her and bear responsibility for the aggravation of any pre-existing disease or disability, is one of those principles. *See Jones v. Courtney*, No. 04-3255-JWL-DJW, 2007 WL 2893587, at *6 (D. Kan. Sept. 28, 2007) (citations omitted). Under

The Court has not yet heard Mayfield's proof at trial in support of his allegations of mental harm.  It would thus be premature for the Court to hold that the jury must learn of Mayfield's 1998 conviction and his failure to advise Dr. Lamousin of the same in order for it to make an "accurate determination of the true facts in this case." (Defs.' Resp. to Mot. *in Limine* [119] at p. 3.)  To the extent Mayfield's evidence largely or solely consists of Dr. Lamousin's PTSD diagnosis, there may be a middle ground between Mayfield's request for exclusion and the Defendants' request for admission.  For instance, advising the jury of the existence of the conviction, but not the underlying crime may strike an appropriate balance between the parties' divergent interests.  A limiting instruction may also cure any prejudicial effect resulting from the jury learning of the crime.  The Court will reserve ruling on these various related matters until Mayfield's proof is developed at trial.  For the present time, this portion of the motion is granted to the extent that the Defendants shall not place before the jury (through arguments of counsel, exhibits, witness testimony, or otherwise) information concerning Mayfield's arrest and conviction for aggravated assault in 1998 without first securing a ruling as to the admissibility of the evidence outside the presence of the jury.

### 2. Plaintiff's May of 2014 arrest for misdemeanor possession of marijuana

Mayfield argues that this arrest is irrelevant to any of the claims pending in this action, and that it has no bearing on his credibility as to what occurred during his arrest

---

this rule, the possibility that Mayfield's arrest in 2013 may have triggered or brought to the surface some lingering mental issues associated with his 1998 conviction for aggravated assault would not negate his ability to recover damages for emotional distress.

in February of 2013. Mayfield further asserts that the danger of unfair prejudice associated with the jury viewing him in a negative manner or refusing to believe his account of events solely because of his possession of marijuana far outweighs any probative value the misdemeanor arrest may have in this case. Defendants counter that Mayfield's arrest obviously has an effect on his emotional state and thus bears directly on his claim for emotional distress damages. Defendants also argue that they should be allowed to question Mayfield and other witnesses regarding the relation between the arrest and his efforts to obtain employment in support of their failure to mitigate damages defense.

Defendants' assertion of an obvious connection between Mayfield's arrest and his request for damages for emotional distress and mental anguish is not convincing. As noted by Mayfield, there is no claim or evidence of him using marijuana to calm his nerves or relieve any stress associated with his dealings with Sergeant Brewer on February 8, 2013. In the Court's view, the mere fact that Mayfield was arrested for possession of marijuana more than one (1) year after he was arrested by Sergeant Brewer does not have "any tendency to make" the existence of his alleged emotional distress "more or less probable". Fed. R. Evid. 401.

On the other hand, this arrest may weigh upon other relief sought by Mayfield. Mayfield's arrest for marijuana possession could negatively impact his claim for future lost wages if proof is submitted that the arrest resulted in a denial of employment. Any demand by Mayfield for reinstatement with the City may also be undermined by the existence of this arrest. However, the evidence has not been sufficiently developed for the Court to make these relevancy determinations. The current state of the record

leads the Court to conclude that Mayfield's 2014 arrest has little to no relation to the claims and issues pending trial, and that allowing the jury to consider the arrest would confuse the issues and result in wasted time.

Based on the foregoing, this portion of the motion is granted without prejudice to the Defendants' ability to make a proffer, outside the presence of the jury, laying the foundation for the admissibility of Mayfield's 2014 arrest for marijuana possession.  If the Defendants make such a proffer, the Court will revisit its balancing inquiry under Rule 403 and consider the possibility of instructing the jury that the subject arrest should be considered only for the purpose of determining certain of Mayfield's requested relief.

## Conclusion

IT IS THEREFORE ORDERED AND ADJUDGED that the Defendants' Motion to Exclude [101] is granted in part and denied in part.  The motion is granted to the extent that Dr. Jeffeory G. Hynes is precluded from offering testimony at trial regarding:  (i) the reasonableness of the force used by Sergeant Brewer during the arrest of the Plaintiff (including the opinion that Sergeant Brewer used excessive force); (ii) whether Sergeant Brewer's use of force complied with the Laurel Police Department's Use of Force Policy; and (iii) the adequacy of the City's training of its police officers.  The motion is otherwise denied.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendants' Motion *in Limine* [115] is granted in part and denied part, as outlined above.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff's Motion *in Limine* [116] is granted in part and denied in part, as outlined above.

SO ORDERED AND ADJUDGED this the 28th day of October, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE