IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SAMUEL MAYFIELD**                                                                                   **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 2:13-cv-73-KS-MTP**

**MARK BREWER, in his official and
individual capacity and CITY OF
LAUREL, A Municipal Corporation**                                                **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court on the Defendants' Amended Motion [125] to exclude certain deposition testimony at trial. Through this filing, Defendants lodge objections to portions of the depositions of Dr. Michael Whitmore and Dr. James C. Lamousin. Dr. Whitmore is a podiatrist. Dr. Whitmore provided certain treatment to the Plaintiff for fractures to his left foot following his arrest by Defendant Mark Brewer, a Sergeant with the City of Laurel Police Department. Dr. Lamousin is a psychiatrist. Dr. Lamousin also treated the Plaintiff subsequent to his arrest by Sergeant Brewer. Plaintiff has indicated that he intends to call Dr. Whitmore and Dr. Lamousin as expert witnesses at trial. It appears that the Plaintiff anticipates both Drs. Whitmore and Lamousin testifying by deposition. Having considered the submissions of the parties, the record, and the applicable law, the Court finds as follows:

### Dr. Michael Whitmore

**1.      Page 24, line 10 through page 26, line 1 of Dr. Whitmore's deposition**

This portion of Dr. Whitmore's deposition concerns whether he believes the Plaintiff's foot was fractured during the course of the subject arrest based upon his review of a video capturing the incident. Defendants object to this portion of the

deposition "based on the fact the questions call for speculation and elicit testimony outside the areas of expert testimony of Dr. Whitmore." (Defs.' Am. Mot. [125] at p. 1.) More specifically, Defendants assert that the "testimony is an interpretation of a video which is outside the expertise of this physician as no foundation for his training or education in interpreting said video or the video's connection to Mayfield's injury was provided." (Defs.' Am. Mot. [125] at p. 1.)

The United States Supreme Court has recognized that unlike an ordinary witness, "an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). The Fifth Circuit has analogously held that an expert witness may offer causation opinions based on a plaintiff's account of events notwithstanding the expert's lack of personal knowledge of the underlying facts. *See Carter v. Massey-Ferguson, Inc.*, 716 F.2d 344, 349-50 (5th Cir. 1983); *see also* Fed. R. Evid. 703 ("An expert may base an opinion on facts or data in the case that the expert *has been made aware of or personally observed*.") (emphasis added). The relaxation of the personal knowledge requirement as to expert witness testimony "is premised on an assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline." *Daubert*, 509 U.S. at 592. Of course, the "knowledge" required of an expert under Federal Rule of Evidence 702 is not satisfied by mere "subjective belief or unsupported speculation." *Id.* at 590.

Pursuant to the preceding principles, the Court overrules the Defendants' objection to a treating physician opining as to the cause of his patient's injuries based on his review of video of the incident allegedly causing the injuries. It is common

knowledge that physicians take their patients' medical and social histories into account in assigning diagnoses.  These histories are often verbally reported and/or communicated through written questionnaires.  Issues or concerns regarding the accuracy of a patient's subjective reporting of his history should be lessened or negated by the existence of objective video of an incident purportedly necessitating treatment.  Therefore, it is more likely that video evidence will facilitate, as opposed to render unreliable, medical causation opinions.  Furthermore, Defendants' suggestion that a physician must receive specialized education or training in order to interpret a video is unsupported by any citation to authority and is not well taken.  The challenged testimony of Dr. Whitmore, describe above, is not "too speculative to be admissible under Rule 702."  *Hammond v. Coleman Co.*, 209 F.3d 718, 2000 WL 283165, at *1 (5th Cir. 2000) (citation omitted).

    **2.**    **Page 33, lines 8 through 13 of the deposition**

This portion of Dr. Whitmore's deposition reads as follows:

Q.     All right.  Do you have any reason to believe that that -- that Mr. Mayfield's pain wasn't actually, in fact, going up?

A.     No, sir.

    Mr. Robinson:  Object to speculation.

    The Witness:  I'm sorry.

This testimony relates to the Plaintiff being excused from work for three days due to the injuries he purportedly sustained as a result of Sergeant Brewer's use of force.  Defendants object to the admission of this testimony on the exact same basis that is discussed in the preceding section of this opinion.  The objection is denied.  Dr.

Whitmore's above-quoted testimony has nothing to do with the video of the subject incident.  Moreover, a treating physician may testify as to the basis for his or her belief regarding a patient's pain without engaging in impermissible speculation.  *Cf. McGuire v. Davis*, 437 F.2d 570, 572 (5th Cir. 1971) ("[A] doctor may testify from personal observation of his patient that he was suffering pain . . . .") (citations omitted).

### Dr. James C. Lamousin

**1.     Page 52, line 21 through page 62, line 3 of Dr. Lamousin's deposition**

This section of Dr. Lamousin's deposition relates to the aforementioned video of the subject incident.  Defendants object to this testimony on essentially the same basis they object to Dr. Whitmore's above-discussed testimony, *viz.*, "the questions call for speculation and elicit testimony outside the areas of expert testimony of Dr. Lamousin.  Said testimony is an interpretation of a video which is outside the expertise of this physician as no foundation for his training or education in interpreting said video or the video's connection to Mayfield's injury was provided."  (Defs.' Am. Mot. [125] at p. 2.)

The Court finds that page 52, line 21 through page 58, line 25 of the deposition will be excluded from the jury's consideration.  Here, Dr. Lamousin largely describes what he sees in the video.  For instance, Dr. Lamousin states:  "He was initially on the -- on the squad car, and then, I see a frame here, and a frame with him going to the ground."  (Lamousin Dep. [125-2] 54:20-22.)  Whether this testimony is considered lay witness testimony under Rule 701 or expert testimony under Rule 702, it must assist the jury in order to be admitted into evidence.  *See In re Schooler*, 725 F.3d 498, 514 (5th Cir. 2013) (providing that "expert testimony may be introduced only when it 'will help the trier of fact to understand the evidence or to determinate a fact in issue'") (quoting Fed.

R. Evid. 702(a)); *United States v. Ebron*, 683 F.3d 105, 137 (5th Cir. 2012) ("A lay opinion . . . must be helpful to the jury.") (citation omitted).  The members of the jury can view the subject video and come to their own conclusions regarding the positions of Sergeant Brewer and the Plaintiff and who is doing what based on their common knowledge and experiences.  *See United States v. Martinez-Saavedra*, 372 Fed. Appx. 463, 465 (5th Cir. 2010) (finding lay opinion testimony to be inadmissible under Rule 701 since the jury could make its own determination without the aid of the testimony); *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990) (holding that expert testimony was unnecessary where the jury could adeptly assess the "situation using only their common experience and knowledge").  Thus, Dr. Lamousin's descriptions of the video evidence are excluded for lack of helpfulness to the jury.

On the other hand, Dr. Lamousin's testimony regarding whether the video evidence supports the Plaintiff's emotional distress claim and post-traumatic stress disorder ("PTSD") diagnosis, located at page 59, line 1 through page 62, line 3, will not be excluded.  The relationship between the video evidence and the Plaintiff's PTSD diagnosis is a matter of sufficient complexity to allow for the testimony of the Plaintiff's treating psychiatrist.  Further, Dr. Lamousin's opinions on this issue are not inadmissible for the same reasons discussed in the Court's analysis of the Defendants' first challenge to Dr. Whitmore's deposition testimony.

**2.     Page 55, line 23 through page 66, line 7 of the deposition**

Defendants assert the same objection that is quoted in the preceding section of this opinion to this portion of Dr. Lamousin's deposition.  The Court incorporates by reference its above-stated rulings as its holding on Defendants' objection with respect to

page 55, line 23 through page 62, line 3 of the deposition. Defendants' request for exclusion as to page 62, line 4 through page 66, line 7 is denied without prejudice to the Defendants' ability to assert specific objections at trial. Defendants' generalized objection to testimony relating to video of the subject incident does not appear to correlate with the subjects of Dr. Lamousin's testimony at these deposition pages.

### 3. Page 92, lines 13 through 17 of the deposition

This portion of Dr. Lamousin's deposition reads as follows:

Q. Is that [the video of Sergeant Brewer's arrest of the Plaintiff] consistent with what he told you happened to him?

A. It is --

Mr. Robinson: Object to the form.

The Witness: It is consistent.

Defendants object to this testimony on the basis that "the questions call for speculation and elicit testimony outside the areas of expert testimony of Dr. Lamousin." (Defs.' Am. Mot. [125] at p. 2-3.) The objection is overruled. A comparison of two sets of facts, those reported by an individual and those observed on a video, does not constitute inadmissible speculation. Moreover, no specialized expertise is needed to view and comprehend video of the subject incident.

### 4. Page 95, line 3 through page 96, line 6 of the deposition

Plaintiff's response to Defendants' motion indicates that he does not intend to introduce this segment of Dr. Lamousin's deposition into evidence. Therefore, this portion of the motion is granted as unopposed.

### 5. Page 96, line 21 through page 97, line 2 of the deposition

Plaintiff's response to the Amended Motion [125] does not address Defendants' objection to this section of Dr. Lamousin's deposition. Therefore, this portion of the motion is granted as unopposed.

### 6. Page 97, line 7 through page 99, line 16 of the deposition

Plaintiff's response to Defendants' motion indicates that he does not intend to introduce this segment of Dr. Lamousin's deposition into evidence. Therefore, this portion of the motion is granted as unopposed.

## Conclusion

IT IS THEREFORE ORDERED AND ADJUDGED that the Defendants' Amended Motion [125] is granted in part and denied in part. The motion is granted to the extent that the following portions of Dr. James C. Lamousin's deposition will be excluded from the jury at trial: (i) page 52, line 21 through page 58, line 25; (ii) page 95, line 3 through page 96, line 6; (iii) page 96, line 21 through page 97, line 2; and (iv) page 97, line 7 through page 99, line 16. The motion is otherwise denied.

SO ORDERED AND ADJUDGED this the 16th day of December, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE